IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JAMES C. WINDING   PLAINTIFF

VS.   CIVIL ACTION NO. 4:10cv153-CWR-FKB

Dr. J.C. PILKINTON   DEFENDANT

REPORT AND RECOMMENDATION

This § 1983 cause is before the court *sua sponte* for consideration of dismissal of the complaint. Having considered Plaintiff's allegations and his testimony at the omnibus hearing, the undersigned recommends that the complaint be dismissed with prejudice as frivolous.

James Winding is a state inmate housed at East Mississippi Correctional Facility (EMCF). He originally named as defendants numerous health care and prison officials. However, several of the defendants were dismissed by the Court, and additional defendants were voluntarily dismissed by Plaintiff at the omnibus hearing. Dr. J.C. Pilkinton, a psychiatrist at EMCF who has treated Plaintiff, is presently the only remaining defendant. Winding alleges that Dr. Pilkinton has violated his constitutional rights by discontinuing the medication Zoloft, an anti-depressant, for several months. According to Plaintiff, Dr. Pilkinton discontinued the drug for several months after blood tests indicated that Winding had not been taking it. Winding claims he suffered from nightmares, depression, and flashbacks during the period he was off Zoloft.

Where the wrong complained of is a denial of medical treatment, a prisoner must allege deliberate indifference to serious medical needs. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Estelle v. Gamble*, 429 U.S. 97, 105 (1976). Plaintiff's

allegations fall far short of this standard.  Plaintiff attempts to establish some sort of non-medical motive on the part of Dr. Pilkinton in discontinuing the Zoloft by alleging that Defendant has accused Winding of manipulating the prison system in an attempt to obtain damages through the filing of civil lawsuits.[1]   However, Plaintiff has failed to set forth facts from which it could be inferred that Dr. Pilkinton's alleged belief or opinion regarding Plaintiff's filing of lawsuits was the reason Defendant discontinued the drug.  Moreover, even if such an inference were plausible, Plaintiff has still failed to allege any serious medical need for treatment with Zoloft.

      For this reason, the undersigned recommends that the complaint be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      Respectfully submitted, this the 9th day of August, 2011.

      /s/ F. Keith Ball
      UNITED STATES MAGISTRATE JUDGE

---

[1] Such an statement would not be surprising.  Since 2005 Plaintiff has filed in the Southern District of Mississippi approximately 26 cases against prison officials.  He currently has six such cases pending, three of which were filed within the past two weeks.