IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

| | |
|---|---|
| JAMES C. WINDING | PLAINTIFF |
| v. | CIVIL ACTION NO. 4:10-cv-153-CWR-FKB |
| Dr. J.C. PILKINTON et al. | DEFENDANTS |

## ORDER

Before the Court are Plaintiff James C. Winding's several motions, seeking: clarification [Docket No. 110], writ of error [Docket Nos. 111, 112], to amend his complaint [Docket Nos. 118; 121], and otherwise seeking to reopen this case and set it for trial [Docket Nos. 115; 116; 117; 119; 120]. The Court entered Final Judgment on March 30, 2012 [Docket No. 109], dismissing this case with prejudice. Accordingly, Winding's motions are treated as motions for relief from a judgment. *See* Fed. R. Civ. P. 60.

To obtain relief from a judgment, Federal Rule of Civil Procedure 60(b) requires the moving party to show: "(1) mistake, inadvertence, surprise, or excusable neglect;" "(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);" or "(3) fraud . . . , misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b). "A Rule 60(b) motion must be made within a year if the motion is based on mistake, newly discovered evidence, or fraud; or, if based on other grounds, must otherwise be made within a reasonable period of time." *Hayes v. Jani-King Franchising, Inc.*, No. 3:10-cv-382, 2012 WL 6738241, *2 (S.D. Miss. Dec. 28, 2012); Fed. R. Civ. P. 60(c).

Winding's motions fail to satisfy the "stringent" standard that applies to Rule 60(b) motions, and he offers no other reasons why he would be entitled to the extraordinary relief that he requests. *Id.*; *Chestang v. Alcorn State Univ.*, No. 5:10-cv-67, 2011 WL 5593167, *2-3 (S.D. Miss. Nov. 17, 2011). Accordingly, his motions are DENIED.

**SO ORDERED**, this the 25th day of March, 2013.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE